UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERED CHRISTOPHER BLAIR,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | Case No. 4:25-cv-00843-AGF |
| ) | |
| STATE OF MO and DOUG BURRIS,   ) | |
| ) | |
| Respondents.   ) | |

**MEMORANDUM AND ORDER**

Self-represented Petitioner Jered Christopher Blair is a pretrial detainee being held at the St. Louis City Justice Center. ECF No. 1 at 1. He brings this 28 U.S.C. § 2241 habeas action, seeking relief based on multiple grounds including alleged violations of his right to a speedy trial. *Id.* at 5-9. The matter is now before the Court upon Petitioner's Motion to Proceed *in Forma Pauperis*, or without prepaying fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee.[1] Furthermore, after reviewing the Petition, the Court will summarily dismiss this case.

**The Petition**

Petitioner filed this § 2241 action against the State of Missouri,[2] referencing a pending state court case number "23SL-CR08306." ECF No. 1 at 1. Petitioner seeks relief on multiple grounds including "sovereign citizen claim," "cruel and unusual punishment," "unlawful detention," "false

---

[1] Petitioner's duplicative Second Motion to Proceed *in Forma Pauperis* (ECF No. 5) will be denied as moot.

[2] Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts provides that the proper respondent for a prisoner currently in custody pursuant to a state court judgment is the state officer having custody of the applicant. Rule 2 applies to habeas petitions arising under 28 U.S.C. § 2241 as well. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). When Petitioner initiated this action, Doug Burris was the acting director of the St. Louis City Justice Center, so he was added as a Respondent on the docket sheet.

arrest," "false imprisonment," and denial of "right to a speedy trial." *Id.* at 5, 7-8. In support of his sovereign citizen claim, Petitioner states only: "After slavery ended, no African or Indian descent can be held against their will by no form of government, from the treatises, laws, constitution." *Id.* at 8. In support of his other legal claims, he simply makes conclusory statements such as: "false arrest," "malicious prosecution, prosecutorial misconduct in weighing the evidence," "violating the right to a speedy trial due to the delay by refusing to bring their accused to trial in a mannerable [sic] time," and "cruel and unusual punishment while in confinement." *Id.* Petitioner provides no facts in support of these legal claims.

For relief, Petitioner seeks "financial compensation" and requests to be "discharge[d] / released" pursuant to Missouri Statutes. *Id.* at 7, 9.

**Background**

Independent review of Petitioner's background on Missouri Case.net, the State of Missouri's online docketing system, indicates that Petitioner has an extensive criminal history. The Court will not discuss all of Petitioner's criminal litigation history, but a couple of the cases are intertwined and relevant to the Petition at issue here. Petitioner was charged in December 2020 with first-degree assault in Crawford County, Missouri, based on an allegation that he struck another inmate at the Crawford County Jail resulting in a brain hemorrhage. *State v. Blair*, No. 20CF-CR01469 (42nd Jud. Cir., Dec. 2020) (hereinafter "Crawford County case"). After being released on a cash bond, Petitioner failed to appear for a hearing and a warrant issued. Petitioner was arrested in October 2021, and he remained confined after not being able to pay his bond. However, after his bond was reduced, Petitioner was released in March 2022. After multiple continuances of his trial setting, Petitioner failed to appear for a March 2023 hearing and a warrant issued for his arrest.

The warrant from the Crawford County case was still pending when Petitioner was arrested in St. Louis County in September 2023 for the charges at issue in this § 2241 petition—case number "23SL-CR08306." ECF No. 1 at 1. In this case, Petitioner was charged with first-degree assault, armed criminal action, and resisting arrest. *State v. Blair*, No. 23SL-CR08306 (21st Jud. Cir., Sept. 2023). Bond was set at 100,000, cash only. Petitioner could not pay the bond, so he remained confined. After an Amended Information issued against Petitioner in January 2024, he was formally indicted on attempted second-degree assault, armed criminal action, and resisting arrest in February 2024. *State v. Blair*, No. 23SL-CR08306-01 (21st Jud. Cir., Jan. 2024) (hereinafter "St. Louis County case"). However, in April 2024, the court ordered a mental examination of Petitioner's mental condition which delayed the progress of the case. In a May 2024 continuance order, the state court commented: "speedy suspended pending examination." And due to an "extremely heavy schedule," the Missouri Department of Mental Health could not perform Petitioner's mental examination until August 2024.

Around this same time in August 2024, Petitioner was charged in the City of St. Louis Circuit Court with first-degree murder and unlawful use of a weapon, based on a May 2020 death. *State v. Blair*, No. 2422-CR02221 (22nd Jud. Cir., Aug. 2024) (hereinafter "St. Louis City case"). The state court records do not explicitly state the results of the state mental examination of Petitioner. However, in December 2024, Petitioner's bond was reduced in the St. Louis County case, and Petitioner was released to Crawford County on the pending warrant from that court.

In January 2025, Petitioner entered an Alford plea in Crawford County case to an amended charge of second-degree assault. He was sentenced to seven years, but execution of his sentence was suspended, and he started a five-year term of supervised probation. In March 2025, a co-defendant in the pending St. Louis City case pled guilty and implicated Petitioner.

Petitioner initiated this habeas action in June 2025, while confined at the St. Louis City Justice Center.  As of the date of this Order, it appears that Petitioner is still confined on the St. Louis City charges, awaiting a February 2026 trial, and that the criminal charges in Petitioner's St. Louis County case are still pending.

### Discussion[3]

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief.  Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241.  *See* Rule l(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule l(a)").  For the reasons discussed below, it plainly appears that Petitioner is not entitled to relief on his § 2241 petition; therefore, it will be summarily dismissed.

A state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to 28 U.S.C. § 2241.  *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").  However, under 28 U.S.C. § 2241(c)(3), federal courts have jurisdiction over pretrial habeas petitions only in certain instances.  *Neville v. Cavanagh*, 611 F.2d

---

[3] The Petition seeks relief under § 2241, citing the pending St. Louis County case number. However, it appears that Petitioner is currently in the custody of the St. Louis City court on the pending charges from that court.  Regardless, the Court's analysis is applicable to Petitioner's § 2241 claims under either pending state court charges.

- 4 -

673, 675 (7th Cir. 1979).  Furthermore, "[d]espite the existence of jurisdiction, … federal courts are reluctant to grant pre-trial habeas relief." *Id.*

I.   **Sovereign Citizen Claim**

Petitioner's sovereign citizen claim is properly dismissed because it plainly appears that he is not entitled to relief on this claim.  In support of this claim, Petitioner states only that persons of certain descent cannot be held against their will based on any law or constitution.  ECF No. 1 at 8.

"Sovereign citizens are a loosely-affiliated group who believe government in the United States operates illegitimately and outside the bounds of its jurisdiction." *United States v. Willis*, 101 F.4th 577, 579 n.1 (8th Cir. 2024) (quoting *Waters v. Madson*, 921 F.3d 725, 732 n.4 (8th Cir. 2019)).  Claims of this nature are often asserted by people who claim to be exempt from various laws and from the jurisdiction of the courts, and who seek to avoid the consequences of legal action against them.  Such claims completely lack merit and have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts.  *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (characterizing as frivolous an appeal in a tax case challenging government's jurisdiction over a "sovereign citizen"); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (noting that legal theories of sovereign citizens have been summarily rejected as frivolous); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (collecting cases rejecting as frivolous claims of a "sovereign citizen" or a "secured-party creditor").  In this case, Petitioner's sovereign citizen claim is meritless and must be dismissed.

II.   **Cruel and Unusual Punishment Claim**

As to Petitioner's conditions-of-confinement claim for "cruel and unusual punishment," such Eighth Amendment claims are outside the scope of habeas corpus. Relief in the form of habeas corpus may be granted to a person in custody if the petitioner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

As such, § 2241 provides a forum in which to challenge the legality of one's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Conversely, a challenge to the conditions of one's confinement is properly raised in a claim pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *Id.* at 499.

Accordingly, a habeas corpus petition is not the proper forum for raising a constitutional claim relating to one's conditions of confinement, and when such claims are raised in this improper manner, the Court lacks subject matter jurisdiction to issue a writ. *Spencer v. Haynes*, 774 F.3d 467, 470-71 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Therefore, to the extent that Petitioner is attempting to bring Eighth Amendment conditions of confinement claims in this habeas petition, the Court lacks jurisdiction over such claims and they are summarily dismissed.

### III.     Unlawful Detention, False Arrest, and False Imprisonment Claims

Petitioner also asserts claims of unlawful detention, false arrest, and false imprisonment. "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (citing *Ex parte Royall*, 117 U.S. 241, 253 (1886)). The state court must have "an opportunity to consider on the merits [a petitioner's] constitutional claim" before the claim is brought to federal court. *Id.* at 490. This exhaustion requirement "preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings." *Id.* (citing *Note, Developments in the Law-Federal Habeas Corpus*, 83 Harv. L. Rev. 1038, 1094 (1970)). Moreover, this requirement guarantees that petitioners reach state appellate courts, which can correct errors of law and most effectively impose uniformity on trial courts. *Id.* at 490-91.

As such, a petitioner must exhaust all available state remedies before bringing a § 2241 habeas action and only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* at 489-91. "In most cases[,] courts will not consider claims that can be raised at trial and in subsequent state proceedings." *Blanck v. Waukesha Cnty.*, 48 F.Supp.2d 859, 860 (E.D. Wis. 1999).

In this case, Petitioner seeks the dismissal of all pending charges against him, and release from custody. However, Petitioner cannot demonstrate that he has exhausted the remedies available to him in his pending criminal proceedings. There is no indication that Petitioner's claims of unlawful detention, false arrest, and false imprisonment cannot be raised in a state court trial or other state court proceeding. In addition, nothing in the record suggests that any special circumstances justify a failure to exhaust here. Relief under § 2241 is unavailable to Petitioner on these claims.

**IV.     Speedy Trial Claim**

Petitioner also raises a speedy trial claim, which courts have found to be a claim that could potentially establish "special circumstances." *Braden*, 410 U.S. at 488. The Sixth Amendment to the U.S. Constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. In this case, Petitioner refers to the Missouri Speedy Trial Act which provides that "[i]f defendant announces that he is ready for trial and files a request for a speedy trial, then the court shall set the case for trial as soon as reasonably possible thereafter." Mo. Rev. Stat. § 545.780(1); *see also* ECF No. 1 at 7.

However, federal courts do "not have jurisdiction under 28 U.S.C. § 2241 ... to issue a writ of habeas corpus for violation of state law by state authorities." *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986). Rather, speedy trial claims based on state law and the actions of state

officials must be addressed by a state court. *Id.* For this reason, any speedy trial claim that Petitioner is attempting to bring under Missouri law fails to state a valid claim for relief.

With regards to any alleged Sixth Amendment claim, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974)). To that end, when a state prisoner is seeking pretrial habeas relief on the basis of speedy trial issues, the prisoner is required to exhaust state remedies, unless the prisoner can demonstrate the existence of special circumstances. *See Braden*, 410 U.S. at 489. "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Review of the state court record indicates that Petitioner filed correspondence in his pending criminal matters concerning speedy trial relief. But it appears these requests are still pending in the state court. In addition, the Court can find no record of Petitioner filing a writ of mandamus, which is the vehicle explicitly provided by statute to enforce his speedy trial rights in state court. *See* Mo. Rev. Stat. § 545.780(2). Overall, Petitioner does not establish any "special circumstances" that would allow him to avoid exhausting his state remedies, and alleging a speedy trial violation alone is not enough. *See Dickerson*, 816 F.2d at 227 (stating that the constitutional right to a speedy trial does not qualify as a special circumstance that obviates the exhaustion requirement). In this § 2241 habeas case, Petitioner alleges that his right to a speedy trial is being violated, but he does not seek an order compelling an earlier trial. Instead, as with his other claims, he contends the violation of his right to a speedy trial entitles him to dismissal of all pending charges, and release from pretrial detention.

Petitioner here has not demonstrated that he has exhausted his state court remedies on his speedy trial claim. Nor has he demonstrated that any special circumstances exist for this failure to exhaust. Accordingly, Petitioner's speedy trial claim shall be dismissed.

## Conclusion

The Supreme Court has warned federal courts to guard against the interruption of state adjudications by federal habeas proceedings. *See Braden*, 410 U.S. at 490. Petitioner has multiple pending state criminal cases—one of which is set for a February 2026 trial. Most of Petitioner's claims raised in the instant § 2241 petition can be raised in those pending state court cases. Petitioner must exhaust available state court remedies before seeking habeas relief from this Court. As such, the Court will grant Petitioner's Motion to Proceed *in Forma Pauperis* but dismiss the Petition without further proceedings. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Proceed *in Forma Pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that Petitioner's Second Motion to Proceed *in Forma Pauperis* [ECF No. 5] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [ECF No. 1] is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of October, 2025.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE